2011 UT App 107

**STATE of Utah, Plaintiff and Appellee,**

v.

**Allen NELSON, Defendant and Appellant.**

No. 20090842–CA.

Court of Appeals of Utah.

April 7, 2011.

Debra M. Nelson and Patrick S. Tan, Salt Lake City, for Appellant.

Mark L. Shurtleff and Jeanne B. Inouye, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

## MEMORANDUM DECISION

DAVIS, Presiding Judge:

¶ 1 Defendant Allen Nelson appeals his conviction of distributing or arranging to distribute a controlled substance, *see* Utah Code Ann. § 58–37–8(1)(a)(ii) (Supp.2010). He argues that the trial court should have granted his motion for mistrial.

We review a trial court's denial of a motion for mistrial for abuse of discretion. Unless a review of the record shows that the court's decision is *plainly wrong* in that the incident so likely influenced the jury that the defendant cannot be said to have had a fair trial, we will not find that the court's decision was an abuse of discretion.

*State v. Decorso,* 1999 UT 57, ¶ 38, 993 P.2d 837 (citation and internal quotation marks omitted).

¶ 2 The problematic incident that occurred in this case is that Instruction No. 5 of the printed jury instructions stated the following when setting forth the charge against Nelson:

DISTRIBUTION OF OR ARRANGING TO DISTRIBUTE A CONTROLLED SUBSTANCE, 1673 § 58–37–8(1)(a)(ii), Utah Code Ann., as follows: That on or about March 10, 2009, at 575 West 200 South, in Salt Lake County, State of Utah, the defendant, *having been previously convicted under Utah Code Ann. § 58–37–8(1)(a),* did knowingly and intentionally distribute a controlled or counterfeit substance, or agreed, consented, offered, or arranged to distribute a controlled or counterfeit substance, to wit: Cocaine, a Schedule II controlled substance.

(Emphasis added.) When reading the instructions to the jury members, who were each following along with their own copy of the instructions, the trial court realized the mistake in the instruction and told the jury to strike the offending language:

Distribution or arranging to distribute a controlled substance, Section 58–37–8(1)(a)(ii), Utah Code Annotated as follows: That on or about March 10th, 2009 at 575 West 200 South in Salt Lake County, State of Utah, the defendant, having—let's see—the defendant—let's just skip that, and you may cross that out. That has been stricken. If you have a pen, do so.

The trial court then restated the instruction without the offending language and proceeded to Instruction No. 6.

¶ 3 Thereafter, Nelson moved for a mistrial, arguing that notwithstanding the fact that the trial court caught the error before reading the offending language aloud, the jury members had still read the offending language in their printed copies of the jury instructions. The trial court denied the motion but gave the following curative instruction:

The Court previously instructed you to delete certain language in Instruction No. 5 which you have done. This Court prepared Instruction No. 5 from a standard set of Instructions and inadvertently included the language you have been asked to delete from another Instruction. It is not a part of this charge, was inadvertently included in it, and no evidence has been presented in this case to support such a statement. Accordingly, you should disregard that language.

Nelson now appeals, arguing that notwithstanding the curative instruction, he was not afforded a fair trial.

¶ 4 We see no abuse of the trial court's discretion in this case. First, we recognize that "curative instructions are a settled and necessary feature of our judicial process and one of the most important tools by which a court may remedy errors at trial." *State v. Harmon,* 956 P.2d 262, 271 (Utah 1998). Second, "[w]e generally presume that a jury will follow the instructions given it," *State v. Menzies,* 889 P.2d 393, 401 (Utah 1994), and there is nothing in the facts here that would in any way indicate that the jury did not do so, *see generally State v. Burk,* 839 P.2d 880, 883 (Utah Ct.App.1992) ("In the absence of the appearance of something persuasive to the contrary, we assume that the jurors were conscientious in performing to their duty, and that they followed the instructions of the court." (internal quotation marks omitted)). Third, the trial court's curative instruction in this case was particularly effective. While Nelson is correct that evidence of a defendant's prior crimes has a great potential for prejudice, *see Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the jury was presented with no such evidence. The curative instruction explained that the offending language was simply mistakenly included from the stock jury instructions and reminded the jury that there was

no evidence in this case that Nelson had committed any prior crimes. Thus, not only was there no evidence of prior crimes, but there was not even a suggestion that Nelson had committed any prior crimes. In fact, the language of the curative instruction may have even suggested to the jury that Nelson did *not* have any prior convictions. Fourth, we do not agree with Nelson that the State's evidence was so scant that letting the jury see an incorrect instruction was likely to have made a difference in the outcome of this case.[1] In sum, we simply cannot say that this incident so likely influenced the jury that Nelson was not afforded a fair trial, and we therefore cannot say that the trial court was plainly wrong in its decision to deny Nelson's motion for mistrial.[2]

¶ 5 Affirmed.

¶ 6 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge, and MICHELE M. CHRISTIANSEN, Judge.

1. The simple fact that the State's case largely rested on the testimony of the undercover officer who had purchased the drugs does not necessarily make the State's case against Nelson weak or the evidence against him scant—particularly when Nelson did not present any evidence that gave an account contrary to the officer's testimony.

2. In its denial of the motion for mistrial, the trial court stated that because the offending language "gives no indication" as to what exact crime the referenced previous conviction was, the "taint" was somewhat lessened. We agree with Nelson that this element does not support the trial court's denial of his motion because the statute referenced by the offending language was the same as the statute, listed earlier in the instruction, under which Nelson was being charged for distributing or arranging to distribute a controlled substance. Thus, a juror could have easily known what type of conduct was prohibited by the code section referenced by the offending language. Nonetheless, due to the considerations discussed above, we remain convinced that the trial court did not abuse its discretion in denying Nelson's motion.