**2014 UT App 272**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
DANIEL PAINTER,
Defendant and Appellant.

Memorandum Decision
No. 20130628-CA
Filed November 14, 2014

Fourth District Court, Provo Department
The Honorable David N. Mortensen
No. 111402958

Douglas J. Thompson and Ryan C. Taylor,
Attorneys for Appellant

Sean D. Reyes, and Daniel W. Boyer, Attorneys
for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGES GREGORY K. ORME and JAMES Z. DAVIS
concurred.

VOROS, Judge:

¶ 1     Appellant Daniel Painter appeals his conviction for aggravated assault, a third degree felony. We affirm.

¶ 2     "When reviewing a jury verdict, we examine the evidence and all reasonable inferences in a light most favorable to the verdict, reciting the facts accordingly." *State v. Heaps*, 2000 UT 5, ¶ 2, 999 P.2d 565. Painter and a neighbor (Neighbor) lived in different apartments in the same four-plex. Painter outweighs Neighbor by over a hundred pounds and stands a foot taller.

One night around 4:00 a.m., Painter's pounding on his water heater woke Neighbor, who knocked on Painter's door and demanded that he stop. Painter responded by picking her up, slamming her against a wooden railing (breaking it), grabbing her by the hair, shaking her "like a rag doll," laying her on the ground, and jumping on her head, cracking her jaw. Painter then wiped his feet on her head and wordlessly walked into his apartment.[1]

¶ 3    Painter was charged with aggravated assault. His defense at trial was that he acted in self-defense. He testified that Neighbor had attacked him, shoving him twice and scratching his face. Painter testified that he viewed himself as "a guard for the property" and that he used "controlled force" to take Neighbor to the ground. The jury convicted Painter as charged.

¶ 4    On appeal, Painter contends that his trial counsel rendered ineffective assistance by failing to object to a jury instruction that did not list the absence of self-defense as an element of aggravated assault. Painter acknowledges that the jury was correctly instructed on the law of self-defense in a separate jury instruction. He further concedes that "these two instructions can be reconciled" but argues that "because such reconciliation never occurred," the elements instruction incorrectly stated the law.

¶ 5    A claim of ineffective assistance of counsel raised for the first time on appeal presents a question of law. *State v. Lee*, 2014 UT App 4, ¶ 6, 318 P.3d 1164. To prevail on an ineffective-

---

1. Neighbor suffered bruising on her arms, legs, back, stomach, and chest. In addition, a clump of her hair was "ripped out," leaving the middle of her head "totally bald." Her jaw was surgically repaired with permanent metal plates that prevent her dentures from fitting properly.

assistance claim under the Sixth Amendment to the United States Constitution, a defendant must show (1) that "counsel's performance was deficient" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the deficient-performance prong under *Strickland*, the defendant must demonstrate "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. A court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To establish the prejudice prong under *Strickland*, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

¶ 6    Under the first *Strickland* prong, "[f]ailure to object to jury instructions that correctly state the law is not deficient performance." *Lee*, 2014 UT App 4, ¶ 22. To determine if jury instructions correctly state the law, we "look at the jury instructions in their entirety and will affirm when the instructions taken as a whole fairly instruct the jury on the law applicable to the case." *State v. Maestas*, 2012 UT 46, ¶ 148, 299 P.3d 892 (citation and internal quotation marks omitted). Thus, "even if one or more of the instructions, standing alone, are not as full or accurate as they might have been, counsel is not deficient in approving the instructions as long as the trial court's instructions constituted a correct statement of the law." *Lee*, 2014 UT App 4, ¶ 23 (citation and internal quotation marks omitted).

¶ 7    After Painter filed his opening brief in this case, this court issued its opinion in *State v. Lee*, 2014 UT App 4. Like Painter, Lee contended that the elements instruction on the charged offense (in his case, murder) was erroneous because "the trial court instructed the jury separately as to the State's burden to disprove his self-defense claim rather than incorporating that burden as an element of the murder instruction." *Id.* ¶ 24. We rejected that claim, holding that, "[t]aken together, these

instructions fairly instructed the jury on the burden of proof relative to Lee's claim of self-defense" and thus correctly instructed the jury on the law applicable to the case. *Id.* Accordingly, we concluded, Lee's trial counsel "did not perform deficiently in failing to object or propose an alternate murder instruction." *Id.* ¶ 25.

¶ 8    Although Lee and Painter were charged with different offenses, the deficient-performance claim Lee asserted and the deficient-performance claim Painter asserts are analytically indistinguishable. Accordingly, we hold that *Lee* forecloses Painter's claim of deficient performance.[2]

¶ 9    Our opinion in *State v. Campos* does not alter this conclusion. *See* 2013 UT App 213, ¶¶ 62–72, 309 P.3d 1160. Painter relies on *Campos* for the proposition that jury instructions do not need to be read as a whole if they have "irreconcilable conflict, or [are] so conflicting as to confuse or mislead the jury." *Id.* ¶ 64 (citation and internal quotation marks omitted). But in *Campos*, the jury instructions were in "direct conflict"; one

_____

2. At oral argument, Painter's counsel faulted our opinion in *Lee* for stating that absence of self-defense is not an element of murder. *See State v. Lee*, 2014 UT App 4, ¶ 24, 318 P.3d 1164. In fact, our supreme court has described the absence of self-defense as both an element and not an element of murder. *Compare State v. Low*, 2008 UT 58, ¶ 45, 192 P.3d 867 (stating that a "necessary element of a murder conviction is the absence of affirmative defenses"), *with State v. Knoll*, 712 P.2d 211, 214 (Utah 1985) (stating that "[a]bsence of self-defense is not an element of a homicide offense"). But element or not, the jury here was instructed to find Painter not guilty if the State failed to prove "beyond a reasonable doubt that the defendant did not act in self-defense." Read together, then, the jury instructions were correct. *See State v. Maestas*, 2012 UT 46, ¶ 148, 299 P.3d 892.

correctly stated that the State bore the burden of disproving self-defense beyond a reasonable doubt, whereas the other incorrectly stated that the defendant bore the burden of proving self-defense beyond a reasonable doubt. *Id.* In contrast, here the jury instructions complement rather than contradict each other. We are confident, as we were in *Lee,* that the instructions are not "so conflicting as to confuse or mislead the jury." *Id.* (citation and internal quotation marks omitted). We see no danger that a reasonable jury, having concluded that the State failed to disprove self-defense beyond a reasonable doubt, and being instructed that "if you still have a reasonable doubt as to whether or not the defendant acted in self-defense, you must find the defendant not guilty," might nevertheless have convicted based on the elements instruction.

¶ 10   Thus, under *Lee*, we hold that Painter's trial counsel did not perform deficiently. But even if that were not the case, we would nevertheless conclude that Painter has failed to establish prejudice.

¶ 11   Under *Strickland*, to establish prejudice "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694 (1984). Painter contends that this court, in *Campos*, altered this test, adding the corollary that prejudice is assumed when it cannot be told which instruction the jury followed or what influence the erroneous instruction had on their deliberations. But in *Campos* we did not purport to, nor did we have the power to, create an exception to *Strickland*'s prejudice requirement. Indeed, we cited the very passage from *Strickland* quoted above. *See Campos*, 2013 UT App 213, ¶ 24. Consequently, notwithstanding some lack of clarity in the wording of that opinion, it is open to only one reasonable reading: the standard of prejudice applicable to this type of claim for ineffective assistance of counsel requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. Campos made that showing. *Campos*, 2013 UT App 213, ¶ 61.

¶ 12   The same cannot be said for Painter. Given the facts recited in the opening paragraphs of this opinion, and others appearing in the record and recited in the State's brief, we cannot conclude that Painter has established a reasonable probability that, had the aggravated-assault instruction listed the absence of self-defense as an element, the result of the proceeding would have been any different.

¶ 13   Affirmed.

_____