2015 UT App 249

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
MICHAEL L. GAILEY,
Defendant and Appellant.

Memorandum Decision
No. 20140396-CA
Filed October 1, 2015

Second District Court, Farmington Department
The Honorable David R. Hamilton
No. 121701553

Scott L. Wiggins, Attorney for Appellant

Sean D. Reyes and Daniel W. Boyer, Attorneys
for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES JAMES Z. DAVIS and KATE A. TOOMEY concurred.

ORME, Judge:

¶1     A jury convicted Defendant, Michael L. Gailey, of three counts of aggravated sexual abuse of a child, all first degree felonies under section 76-5-404.1 of the Utah Code. He appeals, challenging the trial court's imposition of consecutive sentences with respect to two of the three sentences. Because the trial court did not abuse its discretion when it ordered consecutive sentences, we affirm.

¶2     In preparation for Defendant's sentencing hearing, the trial court ordered a presentence investigation report (PSI). The PSI included statements from two groups of people—those adversely affected by Defendant, who described how his conduct had taken a toll on them, and those commenting

favorably on Defendant's character, principally family members and co-workers, who asked the judge to be lenient in imposing sentence. Also outlined in the PSI were Defendant's lack of a prior criminal history; his life history and current living circumstances; his education, employment, and financial information; his amenability to supervision; his strong employment and family relationships; and his continued denial of his abuse of the victim. The PSI recommended that Defendant be sentenced to prison, but it did not address whether Defendant should serve concurrent or consecutive terms. The prosecutor also refrained from making a recommendation when asked by the court whether the sentences should run concurrently or consecutively.

¶3     Before sentencing Defendant, the trial court specifically explained that it had "reviewed each and every letter that was provided." It also stated that it had "carefully read through the pre-sentence investigation, heard the discussions and arguments [of counsel], and that included an analysis of the aggravating and mitigating circumstances that ha[d] been presented." The court was especially concerned because Defendant had violated a "position of trust," determining that "multiple lives have been severely impacted" as a result. Taking all of this into consideration, the trial court concluded that a term of less than fifteen years was "not in the interest of justice." With neither the PSI nor the State articulating a position on whether the three sentences should run concurrently or consecutively, the trial court sentenced Defendant to "three indeterminate terms at the Utah State Prison of 15 years to life" with "counts one and two . . . to run consecutive. Count three to run concurrent."

¶4     Defendant timely appealed, and he now argues that the "trial court erred by imposing consecutive sentences without considering all of the relevant statutory factors and by failing to give adequate weight to various mitigating factors." "Generally, we will reverse a trial court's sentencing decision only if it is an

abuse of the judge's discretion." *State v. Helms*, 2002 UT 12, ¶ 8, 40 P.3d 626.

¶5    As an initial matter, we agree with the State that Defendant did not preserve this issue for appellate review because Defendant failed to present the issue to the trial court in such a way that the court had the opportunity to resolve it. *See State v. Moa*, 2012 UT 28, ¶ 23, 282 P.3d 985. The Utah Supreme Court has "set forth three factors that help determine whether the trial court had such an opportunity." *Pratt v. Nelson*, 2007 UT 41, ¶ 15, 164 P.3d 366. First, the issue must have been raised in a timely fashion; second, the issue must have been specifically raised; and third, the party seeking to preserve the issue must have introduced supporting evidence or relevant legal authority. *Id. See Hart v. Salt Lake County Comm'n*, 945 P.2d 125, 130 (Utah Ct. App. 1997). In the present case all three factors are absent. As the State points out, "Defendant never challenged the trial court's imposition of consecutive sentences or claimed that the trial court had failed to consider the pertinent statutory factors and mitigating evidence." The alleged error was therefore not preserved for our review.

¶6    Defendant nevertheless argues that "[t]his issue, alternatively, is reviewable for plain error." Defendant also argues, as something of a fail-safe, that if "trial counsel failed to preserve the issue involving the imposition of consecutive sentences, counsel denied Defendant of his Sixth Amendment right to the effective assistance of counsel."

¶7    Plain error is an exception to our preservation requirement. *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346. Similarly, claims of ineffective assistance of counsel, when raised for the first time on appeal, are excepted from the preservation rule. *State v. Kozlov*, 2012 UT App 114, ¶ 35, 276 P.3d 1207. But whether we review the trial court's decision for plain error or we reach the question of trial counsel's effectiveness, the result is the

same: Defendant's claim of plain error is unavailing because there was no error, plain or otherwise. He is likewise unsuccessful on his ineffective-assistance claim because trial counsel did not perform deficiently by failing to make a futile objection to the trial court's error-free imposition of consecutive sentences.

¶8 Plain-error review requires looking at a well-settled, three-part test:

> [T]he appellant must show the following: (i) An error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant, or phrased differently, our confidence in the verdict is undermined.

*State v. Dunn*, 850 P.2d 1201, 1208–09 (Utah 1993). In the instant case, the error alleged is that the trial court abused its discretion by disregarding statutory requirements before imposing consecutive sentences.

¶9 Our Legislature has mandated that sentencing courts consider certain factors before deciding whether a defendant's multiple sentences should run concurrently or consecutively to one another. *See* Utah Code Ann. § 76-3-401(2) (LexisNexis 2012). These factors are "the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant." *Id.* If a court fails to consider these factors before ordering that a defendant's sentences run consecutively, it abuses its discretion. *State v. Helms*, 2002 UT 12, ¶¶ 8–9, 40 P.3d 626. But "[i]n making sentencing determinations, judges have no obligation to make findings of fact, and we generally presume that the district court appropriately considered all the relevant evidence and statutory

factors." *State v. Lingmann*, 2014 UT App 45, ¶ 35, 320 P.3d 1063. We next consider the trial court's approach in sentencing Defendant in the present case.

¶10    The trial court affirmatively indicated that it had "carefully read through the pre-sentence investigation" report and "all of the correspondence." These materials account for nearly one hundred pages of the record. They address the facts surrounding Defendant's crimes, personal details about his life, observations about Defendant's attitude, the impact of Defendant's actions on his victim and her family, and contrasting views regarding Defendant's character. In short, the PSI outlines the very factors that section 76-3-401(2) requires sentencing courts to consider. Because the trial court carefully read the PSI and considered the correspondence, it understood the details of Defendant's case relating to each of the statutory factors. This satisfied the requirements of section 76-3-401(2). *See Helms*, 2002 UT 12, ¶ 13.

¶11    In *State v. Helms*, the Utah Supreme Court upheld a trial court's imposition of consecutive prison sentences, rejecting a defendant's argument that the court had not considered all of the required statutory factors. *See id.* ¶¶ 7, 18. As part of its analysis, the Utah Supreme Court considered the trial court's own statement that it had "gone over th[e] presentence report rather carefully, and read it, and what ha[d] taken place." *Id.* ¶ 13 (internal quotation marks omitted). In that case, the presentence report contained "detailed information regarding not only the 'gravity and circumstances of the offenses,' but also the 'history, character, and rehabilitative needs of the defendant.'" *Id.* The Supreme Court reasoned that "[a]ll this, the trial court stated, it had read 'rather carefully,' which evidences that the trial court did consider Helms' history, character, and rehabilitative needs." *Id.*

¶12    The trial court's approach to considering the statutory factors in the case before us is nearly indistinguishable from that of the trial court in *Helms*, and the same conclusion therefore results. Because the PSI contained information relating to each of the factors outlined in section 76-3-401(2), and because the trial court carefully considered that information before ordering two of Defendant's sentences to run consecutively, the trial court fulfilled the requirements of the statute. It is Defendant's burden to show that the trial court failed to comply with the statute, *see id.* ¶ 16, and given the trial court's explicit indication of its reliance on the PSI, which contained information corresponding to each of the statutory requirements, this is a burden he fails to carry.

¶13    The only particularized complaint Defendant seems to have regarding the trial court's consideration of the statutory factors is that "the court failed to properly consider and resolve the ambiguity or discrepancy of facts as to Defendant's character."[1] "However, the fact that [Defendant] views his

---

1. In what might be a separate argument, Defendant alleges that "not only did the trial court fail to properly consider all of the statutory factors in section 76-3-401(2) but it failed to give adequate weight to various mitigating factors prior to imposing consecutive sentences." But in support of this argument, Defendant merely reiterates portions of the PSI that cast him in a favorable light. This is not the sort of "reasoned analysis based upon relevant legal authority" that merits plenary consideration on appeal. *See Smith v. Smith*, 1999 UT App 370, ¶ 8, 995 P.2d 14. Furthermore, Defendant's selective focus on factors that might have supported imposition of concurrent sentences does nothing to persuade us that the trial court failed to consider any of the required statutory factors. This is especially so given that "[t]he court is not required to give each factor equal weight." *State v. Scott*, 2008 UT App 68, ¶ 10, 180 P.3d 774. And because

(continued…)

situation differently than did the trial court does not prove that the trial court neglected to consider the factors listed in section 76-3-401[(2)]." *Helms*, 2002 UT 12, ¶ 14. The trial court stated that it had considered all of the information regarding Defendant's character, and we have no reason to doubt that it did so. It was not an abuse of discretion for the trial court to consider the conflicting statements and then decide to impose partially consecutive sentences. Because there was no abuse of discretion, there was no error. Because there was no error, we need not consider the other components of plain-error review. *See State v. Dunn*, 850 P.2d 1201, 1209 (Utah 1993) ("If any one of these requirements is not met, plain error is not established.").

¶14 The fact that there was no error is also determinative of Defendant's ineffective-assistance claim, whereby he asserts that counsel was remiss for not objecting to the trial court's imposition of consecutive sentences.

> To show ineffective assistance of counsel . . . , a defendant must show (1) that counsel's performance was so deficient as to fall below an objective standard of reasonableness and (2) that but for counsel's deficient performance there is a reasonable probability that the outcome . . . would have been different.

*State v. Smith*, 909 P.2d 236, 243 (Utah 1995). "Because both deficient performance and resulting prejudice are requisite

---

(…continued)
Defendant's argument concerning the trial court's weighing of mitigating factors is lumped in with his analysis of whether the court properly considered the requisite statutory factors, *see* Utah Code Ann. § 76-3-401(2) (LexisNexis 2012), we treat the arguments as one issue on appeal.

elements of an ineffective assistance of counsel claim, a failure to prove either element defeats the claim." *State v. Hards*, 2015 UT App 42, ¶ 18, 345 P.3d 769.

¶15 Defendant argues that his trial counsel performed deficiently "[b]y failing to object to the imposition of consecutive sentences and/or by failing to alert the sentencing court to the factors that it failed to consider prior to imposing consecutive sentences." We have already determined that the trial court properly considered the requisite statutory factors, so all that is left for us to consider is whether trial counsel's failure to object to two of the three sentences running consecutively constitutes deficient performance.

¶16 As explained above, Defendant has failed to establish reversible error in the trial court's approach to sentencing Defendant to consecutive prison terms. *See supra* ¶ 12. Accordingly, any objection to the consecutive sentences would have been futile. And the "[f]ailure to raise futile objections does not constitute ineffective assistance of counsel." *State v. Kelley*, 2000 UT 41, ¶ 26, 1 P.3d 546.

¶17 In conclusion, Defendant bears the burden of establishing that the trial court failed to consider the factors outlined in section 76-3-401(2) of the Utah Code. Because the record supports a determination that the trial court considered those factors, Defendant has failed to carry his burden. Thus, we cannot say that it was an abuse of discretion for the trial court to impose consecutive sentences in this case. Furthermore, because futile objections are unnecessary, Defendant's trial counsel did not perform deficiently when he chose not to object to the trial court's imposition of consecutive sentences.

¶18 Affirmed.

———————