**2015 UT App \*\***

---

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JESS AMOS BUNKER,
Appellant.

Memorandum Decision
No. 20140845-CA
Filed \*\*

Fourth District Court, Provo Department
The Honorable Claudia Laycock
No. 091400044

Douglas J. Thompson, Attorney for Appellant

Sean D. Reyes and Jeanne B. Inouye, Attorneys
for Appellee

JUDGE JAMES Z. DAVIS authored this Memorandum Decision, in
which JUDGES GREGORY K. ORME and STEPHEN L. ROTH
concurred.

DAVIS, Judge:

¶1    Jess Amos Bunker appeals from his sentences for convictions of four counts of forcible sexual abuse, second degree felonies, and one count of attempted bail jumping, a class A misdemeanor. We affirm.

¶2    "Because trial courts are afforded wide latitude in sentencing, a court's sentencing decision is reviewed for an abuse of discretion." *State v. Epling*, 2011 UT App 229, ¶ 8, 262 P.3d 440 (citations and internal quotation marks omitted). "A court exceeds its discretion if it . . . fails to consider all legally relevant factors." *Id.* Bunker asserts that the trial court exceeded its discretion by sentencing him to prison rather than placing

him on probation and by imposing consecutive sentences, because the court failed to make explicit findings with respect to a number of legally relevant factors,[1] namely, "his lack of criminal history including a distinguished military career, his psychosexual evaluation and risk assessment, and his access to support and treatment."[2]

¶3     It is the defendant's burden to demonstrate that the trial court failed to properly consider legally relevant factors. *State v. Helms*, 2002 UT 12, ¶ 16, 40 P.3d 626. A defendant cannot meet this burden by merely pointing to a lack of written findings or the existence of mitigating circumstances. *See id.* ¶¶ 10–12, 16. "Neither our case law nor our statutes require a trial court to make specific findings of fact in a sentencing order."[3] *Id.* ¶ 12.

---

1. We assume without deciding that the factors identified by Bunker are legally relevant.

2. The State asserts that Bunker's argument on appeal is unpreserved because he failed to present it "to the trial court in such a way that the trial court [had] an opportunity to rule" on it. *See 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (citation and internal quotation marks omitted). We tend to agree but nevertheless elect to address Bunker's argument as though it were preserved. *See generally Patterson v. Patterson*, 2011 UT 68, ¶ 13, 266 P.3d 828 ("Our preservation requirement is self-imposed and is therefore one of prudence rather than jurisdiction. Consequently, we exercise wide discretion when deciding whether to entertain or reject matters that are first raised on appeal.").

3. Bunker cites *State v. Moreno*, 2005 UT App 200, 113 P.3d 992, for the proposition that a "trial court is charged with identifying, on the record, the aggravating and mitigating circumstances that affect its sentencing decision." *See id.* ¶ 10. However, *Moreno* dealt specifically with a sentencing decision that deviated from a

(continued…)

Indeed, "the trial court's silence, by itself," does not demonstrate that "the court did not consider the proper factors as required by law." *Id.* ¶ 11. Therefore, "as a general rule this court upholds the trial court even if it failed to make findings on the record whenever it would be reasonable to assume that the court actually made such findings." *Id.* (citation and internal quotation marks omitted). If the record shows that the trial court has reviewed information regarding the relevant legal factors, we can infer that the trial court adequately considered those factors. *See id.* ¶ 13.

¶4      It is clear from the record that information regarding all the factors Bunker claims the trial court failed to consider was presented to and reviewed by the trial court. At the beginning of the sentencing hearing, the court indicated that it had read the pre-sentence investigation report, which included information regarding Bunker's military service and criminal record; the psychosexual evaluation, which indicated that Bunker had a low risk of reoffending; and two documents outlining Bunker's military experience. Furthermore, the trial court heard from one of Bunker's family members, who indicated that she and two of Bunker's aunts were willing to help him pay for sex-offender treatment. Finally, at the hearing, defense counsel addressed all

---

(…continued)

presumptive mandatory minimum sentence. *See id.* ¶ 9. In that particular context, the court was bound by statute to make findings on the record before sentencing the defendant to a greater or lesser term. *See id.* ¶¶ 9–10. *See generally State v. Helms*, 2002 UT 12, ¶ 11, 40 P.3d 626 (indicating that explicit findings are necessary "where (1) an ambiguity of facts makes [an assumption that the trial court actually made the findings] unreasonable, (2) a statute explicitly provides that written findings must be made, or (3) a prior case states that findings on an issue must be made").

of the issues Bunker now claims the trial court failed to consider. Because the record indicates that the trial court was aware of this information, we have no reason to conclude that the trial court did not consider it in its sentencing decision.

¶5 Thus, Bunker's argument comes down to a disagreement with the trial court's weighing of the relevant sentencing factors. However, "[t]he fact that the trial court assessed the relevant factors differently than [Bunker] would have liked does not indicate that it exceeded its discretion," *see Epling*, 2011 UT App 229, ¶ 22, and we cannot say "that no reasonable [person] would take the view adopted by the trial court," *see State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167 (alteration in original) (citation and internal quotation marks omitted).

¶6 Because the record indicates that the trial court considered Bunker's military record, his criminal history, his access to family support and treatment, and the psychosexual evaluation's risk assessment, Bunker has not carried his burden to show that the trial court failed to consider legally relevant factors in its sentencing determination. And Bunker has otherwise failed to demonstrate that the trial court exceeded its discretion in sentencing him. Accordingly, we affirm.

————