2016 UT App 143

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JEFFERY LYNN KNARAS,
Appellant.

Opinion
No. 20140998-CA
Filed July 8, 2016

Third District Court, Salt Lake Department
The Honorable Robin W. Reese
No. 131902898

Samuel P. Newton, Attorney for Appellant

Sean D. Reyes and John J. Nielsen, Attorneys
for Appellee

SENIOR JUDGE JUDITH M. BILLINGS authored this Opinion, in
which JUDGES STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN
concurred.[1]

BILLINGS, Senior Judge:

¶1     Jeffery Lynn Knaras appeals his conviction for one count
of criminal nonsupport, a class-A misdemeanor. Knaras
contends that the jury instructions related to his affirmative
defense were erroneous. We affirm.

---

1. Senior Judge Judith M. Billings sat by special assignment as
authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

BACKGROUND

¶2　The State charged Knaras with third-degree felony criminal nonsupport. It alleged that Knaras had failed to pay court-ordered child support for his three minor children between May 2010 and May 2012.

¶3　At trial, the State offered evidence that over the course of two years, Knaras fell short on his child support obligations by $19,181.02. The children's mother testified that she had custody of the three minor children during the relevant time period and that Knaras did not pay the child support he owed under the couple's divorce decree. In the absence of this support, the mother explained that she had relied on other sources to supply the children's needs. The mother further testified that Knaras never sought to modify the divorce decree.

¶4　Knaras did not dispute that he owed child support. Instead, he raised the affirmative defense that he lacked the ability to meet his child support obligations. In support of this theory, he presented his mother's testimony that he lived with her and that he did not make enough money to pay rent or for his transportation. Knaras contended that he had trouble finding jobs in his line of work during the economic downturn. He also argued that he did provide for the children when he had parent-time every other weekend.

¶5　The jury found Knaras guilty. However, the jury determined that the State failed to prove that Knaras had "committed the crime of Criminal Nonsupport in each of 18 individual months within any 24-month period." As a consequence of this finding, Knaras was convicted of a class-A misdemeanor instead of a third-degree felony.[2] Knaras appeals.

---

2. Under the statute, criminal nonsupport is a third-degree felony if the crime is committed in each of eighteen individual
(continued…)

ISSUES AND STANDARD OF REVIEW

¶6    Knaras raises three challenges to the jury instructions given at his trial. We review challenges to jury instructions for correctness. *State v. Kennedy*, 2015 UT App 152, ¶ 17, 354 P.3d 775.

ANALYSIS

¶7    On appeal, Knaras asserts three errors in the jury instructions. First, he contends that the instructions did not accurately convey the State's burden of proof as to his affirmative defense. Second, he asserts that the instructions erroneously told the jury that his affirmative defense could not apply "even if he partially paid child support." Third, he argues that the instructions "added four non-statutory reasons for rejecting [his] affirmative defense."

¶8    When we analyze a purported error in jury instructions, "we must view it within the context of the jury instructions as a whole." *Id.* ¶ 24. "If the jury instructions taken as a whole fairly instruct the jury on the law applicable to the case, the fact that one of the instructions, standing alone, is not as accurate as it might have been does not amount to reversible error." *Id.* (citation and internal quotation marks omitted). Furthermore, "'[o]nly harmful and prejudicial errors constitute grounds for granting a new trial.'" *State v. Karr*, 2015 UT App 287, ¶ 15, 364 P.3d 49 (alteration in original) (quoting *State v. Young*, 853 P.2d 327, 347 (Utah 1993)). "For an error to be harmful, there must be a reasonable probability the error affected the outcome of the

(…continued)

months within a twenty-four month period or if the total arrearage is in excess of $10,000. Utah Code Ann. § 76-7-201(3)(c) (LexisNexis 2012). In this case, the special verdict form did not ask the jury if Knaras's total arrearage exceeded $10,000.

case." *State v. Shepherd*, 1999 UT App 305, ¶ 23, 989 P.2d 503 (citation and internal quotation marks omitted).

## I. Instructions Stating the Burden of Proof

¶9      Knaras contends that the jury instructions should have specifically stated that "the State must *disprove* his affirmative defense beyond a reasonable doubt." He also claims that the instructions should have told the jury that he had "no burden with respect to his affirmative defense" and that he "was entitled to be acquitted if there was any basis in the evidence sufficient to create a reasonable doubt."[3]

¶10      When a criminal defendant raises an affirmative defense, the State bears "the burden . . . to *disprove* the defense beyond a reasonable doubt." *State v. Lee*, 2014 UT App 4, ¶ 27, 318 P.3d 1164; *accord State v. Drej*, 2010 UT 35, ¶¶ 15–16, 233 P.3d 476. Jury

---

3. The State contends that Knaras's challenge to the jury instructions in this regard was not preserved for appeal. Knaras argues that he did preserve this challenge but argues that the exceptions to the preservation rule for plain error and for ineffective assistance of counsel apply in the event we disagree. Because we conclude that the trial court committed no error in instructing the jury on Knaras's affirmative defense, *see infra* ¶¶ 11–13, we need not decide whether the issue was preserved, because we would reach the same result regardless of whether we address the issue on the merits, on plain error grounds, or on ineffective assistance grounds. "[B]ecause there was no error, plain or otherwise," Knaras is not entitled to plain error review. *See State v. Gailey*, 2015 UT App 249, ¶ 7, 360 P.3d 805, *petition for cert. filed*, June 6, 2016 (U.S. No. 15-1481). Moreover, Knaras cannot show that his counsel performed deficiently by approving the jury instructions. *See State v. Lee*, 2014 UT App 4, ¶ 22, 318 P.3d 1164 ("Failure to object to jury instructions that correctly state the law is not deficient performance." (citing *State v. Chavez-Espinoza*, 2008 UT App 191, ¶ 15, 186 P.3d 1023)).

instructions with regard to affirmative defenses "must clearly communicate to the jury what the burden of proof is *and* who carries the burden." *Lee*, 2014 UT App 4, ¶ 27 (citation and internal quotation marks omitted).

¶11 Here, Knaras raised the affirmative defense that he was unable to provide support. *See* Utah Code Ann. § 76-7-201(5)(a) (LexisNexis 2012) ("In a prosecution for criminal nonsupport . . . , it is an affirmative defense that the accused is unable to provide support."). On appeal, Knaras asserts that the instructions should have stated that "the State must *disprove* his affirmative defense beyond a reasonable doubt." Knaras thus believes that the instructions should have included language casting the State's burden in negative terms, i.e., that the State had the burden to *disprove* an *inability* to pay. However, we conclude that this concept was adequately conveyed to the jury by the instructions given. Specifically, Instruction 16 informed the jury that "[i]n presenting an affirmative defense, the burden of persuasion does not shift to the Defendant. The State's burden is to prove all the elements of the crime charged beyond a reasonable doubt, whether the defense is a denial or an affirmative defense." And Instruction 12, which set forth the elements of the offense, instructed the jury that it could convict Knaras only if it found beyond a reasonable doubt that he "was able to provide support." Taken together, the instructions phrased the State's burden of proof in positive terms: the State had the burden to *prove* beyond a reasonable doubt that Knaras had an *ability* to pay. Because the instructions accurately set forth the State's burden of proof, albeit in positive rather than negative terms, we conclude that the jury instructions were not erroneous in this regard.

¶12 Moreover, the instructions adequately conveyed the same concepts that Knaras contends should have been phrased differently. Knaras believes the instructions should have been written in terms of how he had "no burden with respect to his affirmative defense." Instruction 11, however, explained that "[t]he burden is always upon the prosecution to prove guilt

beyond a reasonable doubt" and that the "burden never shifts to a Defendant." Similarly, Instruction 16 stated that "the burden of persuasion does not shift to the Defendant" when "presenting an affirmative defense." Through this language, the jury was effectively instructed that Knaras had no burden with respect to his affirmative defense.

¶13 Knaras also argues that the instructions should have said that he "was entitled to be acquitted if there was any basis in the evidence sufficient to create a reasonable doubt." Although not stated in this exact way, the instructions given explained the meaning of the reasonable doubt standard and told the jury that a reasonable doubt "must arise from the evidence or the lack of evidence in the case." The jury was further instructed that it should "carefully consider all the evidence" and that "if [the jury was] not convinced that one or more of the[] elements [had] been proven beyond a reasonable doubt, then [it] must find the defendant NOT GUILTY." These instructions adequately conveyed that Knaras should be acquitted if the evidence left a reasonable doubt in the minds of the jurors. In short, Knaras has not shown that the jury instructions were erroneous.

## II. Partial Failure to Provide Support

¶14 Knaras next challenges Instruction 14 as erroneously instructing "the jury that Mr. Knaras could not be excused even if he partially paid child support" and argues that "nothing in the statute contains that additional requirement." He claims that Instruction 14 allowed the jury to convict "under the much lesser burden that his support was 'inadequate' rather than" that "his lack of support rendered his children needy."

¶15 The Utah Code states that a person commits criminal nonsupport if "he knowingly fails to provide for the support of . . . [his minor] children when any one of them . . . is in needy circumstances . . . [or] would be in needy circumstances but for support received from a source other than the defendant or paid on the defendant's behalf." Utah Code Ann. § 76-7-201(1)

(LexisNexis 2012). The elements instruction given to the jury mirrored this statutory language. The challenged instruction, Instruction 14, goes beyond the statutory language and reads, "You are instructed that the offense of Criminal Non-Support is committed not only where there is a complete failure to support the child, but also where there is *a partial failure* to provide for the children, so long as the support furnished is not adequate under the circumstances." (Emphasis added.) *See* 23 Am. Jur. 2d *Desertion & Nonsupport* § 31 (2013) ("The offense of nonsupport is committed not only where there is a complete failure to support the child but also where there is partial failure to provide for the child as long as the support furnished is not adequate under the circumstances."). The rest of this instruction reads,

> The fact that a person other than the defendant does actually furnish food, shelter and clothing, or money with which to buy the necessaries of life does not prevent the children from being in needy circumstances so far as the defendant is concerned, and it is no defense to the defendant if he is otherwise guilty as charged.

¶16 We conclude that Instruction 14 fairly instructed the jury on the applicable law because it is consistent with both the language and purpose of the criminal nonsupport statute. When "interpreting a statute, we look to its plain language," *State v. Jeffs*, 2010 UT 49, ¶ 31, 243 P.3d 1250, and we presume omissions in statutory language to be purposeful, *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 14, 267 P.3d 863.

¶17 The criminal nonsupport statute makes clear that a parent of minor children may be convicted if the parent "knowingly fail[s] to provide for the support of" his children when the children are "in needy circumstances or would be in needy circumstances but for the support received from other sources." *State v. Johnson*, 2002 UT App 431, ¶ 8, 79 P.3d 419 (citing Utah Code Ann. § 76-7-201(1) (1999)). "Support" is defined as "[s]ustenance or maintenance," especially "articles

such as food and clothing that allow one to live in the degree of comfort to which one is accustomed." *Support*, Black's Law Dictionary (9th ed. 2009). "Needy" means "being in want" and "not having enough money, food, etc., to live properly." *Needy*, Merriam-Webster.com, http://www.merriam-webster.com/dictionary/needy [https://perma.cc/USJ4-A746]. Thus, "needy circumstances" can be properly understood as circumstances in which the children are "not supplied with the common necessaries of life." *State v. Bess*, 137 P. 829, 832 (Utah 1913). With these definitions in mind, we read the statute as criminalizing a parent's knowing failure to provide the maintenance adequate to keep his minor children from being in want or from lacking in the common necessities of life. *See id.* (indicating that a person was guilty of criminal nonsupport if he left dependents in such circumstances that they "would lack the necessaries of life"). We see nothing in the statute that would permit a parent to provide only partially for his children when the parent has the ability to provide and when the level of support furnished is not adequate under the circumstances.

¶18    Knaras's argument essentially asks us to insert the term "complete" into the statute so that a person could commit criminal nonsupport only if he completely fails to provide for the support of his minor children. But the statute does not include the term "complete," and we presume this omission was purposeful. *See Marion Energy*, 2011 UT 50, ¶ 14. It follows that a criminal lack of support may be due to either a complete failure or a partial failure to provide.[4] *See State v. Nelson*, 2005 UT App 526U, paras. 5–6 (affirming a defendant's conviction for criminal nonsupport where he had made some child support payments, and rejecting the defendant's argument that he supported his children by providing for their needs during his parent-time).

---

4. Aside from Knaras's contention that he provided for the children during their visits, the only evidence of partial support was that Knaras's wages were garnished during three months in 2012.

Our reading is bolstered by the fact that the criminal nonsupport statute appears to place emphasis on whether there has been a failure of support that causes or would cause the children to be in needy circumstances had others not stepped in rather than on the degree of support actually provided. *See* Utah Code Ann. § 76-7-201(1).

¶19 Furthermore, Knaras's position is contrary to the purpose of the criminal nonsupport statute. As the Utah Supreme Court has recognized, "[t]he object of the statute is to compel a parent to provide for the support and maintenance of his or her dependent minor children." *Bess*, 137 P. at 831. To allow a parent to escape criminal liability by providing nominal support would defeat this purpose. Indeed, the trial court here acknowledged as much, explaining, "[Y]ou have an obligation to support the child, period. And just giving them something, just tossing them a token isn't enough. You have to support them."

¶20 Knaras also complains that Instruction 14's use of the phrase "not adequate under the circumstances" would lead the jury to convict "under the much lesser burden that his support was 'inadequate' rather than" that "his lack of support rendered his children needy." However, when read in light of the elements instruction, we believe that Instruction 14's use of the phrase conveyed the idea that in order to convict Knaras, the support must be inadequate to keep the children from being needy under the circumstances. For these reasons, we see no error in the trial court's decision to give Instruction 14.

III. Non-statutory Reasons That the Affirmative Defense Would Not Apply

¶21 Finally, Knaras contends that the trial court erroneously instructed the jury when it gave Instruction 16, which explains that Knaras's affirmative defense would not apply in several circumstances that were not identified by the Utah Code. Knaras further asserts that the "non-statutory reasons" were "too vague" and that "without proper definitions, the jury could not

discharge its duty to determine whether Mr. Knaras's defense was reasonable." The State responds that the challenged language in this instruction "was either correct or superfluous." According to the State, "the only real dispute at trial was . . . whether Knaras was voluntarily underemployed or unemployed."

¶22 In recognizing that the inability to provide support is an affirmative defense, the Utah Code clarifies that "[v]oluntary unemployment or underemployment by the defendant does not give rise to [the] defense." Utah Code Ann. § 76-7-201(5)(a) (LexisNexis 2012). Indeed, one of the instructions in this case includes this statutory language verbatim. The challenged instruction elaborates on when this affirmative defense could apply. Instruction 16 states, in relevant part,

> A parent is excused for his or her omission to provide support for his minor children where through no fault or indolence on his part he is unable to provide for such children; for example, where sickness, physical impairment, or inability to find work results in insufficient income to provide any support and the parent has no other income or assets from which the support may be paid. However, *it is not a lawful excuse if the defendant is unable to provide support due to personal extravagance, improvident habits, lack of reasonable diligence in obtaining employment, or by an unreasonable concern for creditors* to the detriment of his or her obligations to such children.

(Emphasis added.)

¶23 The only one of the "non-statutory reasons" in dispute at trial was whether Knaras exhibited a "lack of reasonable diligence in obtaining employment." Knaras addresses this particular non-statutory reason as though it is entirely unconnected to the criminal nonsupport statute's provision that

the affirmative defense could not apply if the defendant is voluntarily unemployed or underemployed. However, considering whether the defendant has been reasonably diligent in pursuing employment is consistent with Instruction 15, which quoted the criminal nonsupport statute's provision that "[v]oluntary unemployment or underemployment by the defendant does not give rise to [the affirmative] defense [of inability to provide support]." *Id.* The statute's use of the word "voluntary" suggests that a defendant's employment status resulted "from one's own choice or consent." *Voluntary*, Merriam-Webster.com, http://www.merriam-webster.com/ dictionary/voluntary [https://perma.cc/D7H9-XTWV]. Thus, such voluntary unemployment or underemployment under the statute could be demonstrated by, for example, a defendant's choice to exercise a "lack of reasonable diligence in obtaining employment." As the trial court observed, this reading is "just . . . common sense." Because the "lack of reasonable diligence" language in Instruction 16 is essentially a rephrasing of voluntary underemployment as used in the statute, we conclude that the trial court did not err in including this language in this instruction.

¶24  We also conclude that the inclusion of the three other non-statutory reasons did not prejudice Knaras, as the other non-statutory reasons—that he was unable to provide support due to "personal extravagance, improvident habits, . . . or by an unreasonable concern for creditors to the detriment of his . . . obligations" to his children—were not at issue during trial. Further, we do not see how more specific definitions of these non-statutory reasons would have altered the outcome in this case.

¶25  In any event, the inclusion of the other three non-statutory reasons is not necessarily inconsistent with Utah law. The Utah Supreme Court has suggested that a person is not excused from providing support if the person "willfully or otherwise remained idle when he could have obtained employment" or if the person "spent or wasted any part of the

money earned by him in dissipation or riotous living." *State v. Bess*, 137 P. 829, 832 (Utah 1913); *see also* 23 Am. Jur. 2d *Desertion & Nonsupport* § 42 (2013) ("[I]t is not a lawful excuse if a parent is unable to provide support due to personal extravagance, indifference, or lack of reasonable diligence in obtaining employment."). This court's case law also suggests that a person is not excused if the defendant is at fault for his inability to provide support. *See State v. Nelson*, 2005 UT App 526U, para. 7 & n.4 (affirming a criminal nonsupport conviction and noting that "the jury was specifically instructed that Defendant's failure to provide support for his minor children was excused if, through no fault of his own, Defendant was unable to provide for them"). Because Instruction 16 was not erroneous or prejudicial, the trial court did not err in giving this instruction.

## CONCLUSION

¶26   Knaras has not demonstrated harmful error in the jury instructions, and his arguments on appeal therefore fail. Accordingly, we affirm.

————————