**2017 UT App 90**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
GARY LYNN PHILLIPS,
Appellant.

Per Curiam Opinion
No. 20140633-CA
Filed June 2, 2017

Third District Court, Salt Lake Department
The Honorable Robin W. Reese
No. 131905428

Debra M. Nelson, Attorney for Appellant

Sean D. Reyes and Jeffrey D. Mann, Attorneys
for Appellee

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
DAVID N. MORTENSEN.

PER CURIAM:

¶1 Gary Lynn Phillips appeals his sentences after pleading guilty to various crimes. Phillips asserts that the district court erred in sentencing him to prison and requiring some of the sentences to be served consecutively with others.

¶2 We review the sentencing decision of the district court, including the decision to grant or deny probation, for abuse of discretion. *See State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. "An abuse of discretion results when the judge fails to consider all legally relevant factors, or if the sentence imposed is clearly excessive." *Id.* (citation and internal quotation marks omitted). Furthermore, "[a]n appellate court may only find abuse if it can be said that no reasonable [person] would take the

view adopted by the trial court." *Id.* (second alteration in original) (citation and internal quotation marks omitted).

¶3    Utah Code section 76-3-401 states the legally relevant sentencing factors a district court must consider before determining whether sentences will be imposed concurrently or consecutively: "the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant." Utah Code Ann. § 76-3-401(2) (LexisNexis 2012). As a general rule, a district court's consecutive sentencing decision will be upheld "whenever it would be reasonable to assume that the court" considered the statutory factors, even if the court "failed to make findings on the record." *State v. Helms*, 2002 UT 12, ¶ 11, 40 P.3d 626 (citation and internal quotation marks omitted). "If the record shows that the trial court has reviewed information regarding the relevant legal factors, we can infer that the trial court adequately considered those factors." *State v. Bunker*, 2015 UT App 255, ¶ 3, 361 P.3d 155. Accordingly, it is the defendant's burden to demonstrate that the district court did not properly consider the relevant factors, and appellate courts "will not assume that the trial court's silence, by itself, presupposes that the court did not consider the proper factors as required by law." *Helms*, 2002 UT 12, ¶ 11.

¶4    Phillips presents no evidence that the district court failed to consider all legally relevant factors in sentencing him. First, the district court noted that it had reviewed the Pre-Sentence Investigation Report (PSI) multiple times, which included information concerning "the very factors that section 76-3-401(2) requires sentencing courts to consider." *See State v. Gailey*, 2015 UT App 249, ¶ 10, 360 P.3d 805. The district court also heard arguments from Phillips's attorney and from Phillips himself, detailing the factors Phillips wished the court to consider before imposing a sentence. Thus, Phillips's disagreement with the trial court's decision is not truly over whether the district court failed to consider all relevant factors, but rather the application of those factors to the case.

¶5    Based upon the circumstances, we cannot say that the district court abused its discretion in imposing the sentence it did. Phillips had an extensive criminal record, much of which consisted of crimes similar to those at issue in this case. Further, Phillips's history on probation was poor, which was demonstrated in this case when Phillips was charged with other crimes during his pre-sentencing release. Phillips acknowledged his extensive record but argued that allowing him to pursue treatment for his drug addiction better fit his rehabilitative needs. However, Phillips had been released pending sentencing for nearly a year after entering his guilty pleas. During that time not only was he charged with additional crimes, but he failed to enroll at Odyssey House as required by the terms of his pre-sentence release. Ultimately, it is clear that the district court carefully examined all of the relevant factors in making its sentencing decision. In fact, the trial court did not fully adopt the PSI's recommendation or the State's which would have resulted in five consecutive zero-to-five year sentences. Instead, the district court ran only two sentences consecutively with one another, resulting in a sentence of zero-to-ten years, instead of a potential sentence of zero-to-twenty-five years. Under these circumstances, we cannot agree that no reasonable person would take the view adopted by the district court. *See Valdovinos*, 2003 UT App 432, ¶ 14.

¶6    Affirmed.

————————