**2017 UT App 145**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
FRANCISCO JAVIER ALVAREZ,
Appellant.

Opinion
No. 20160207-CA
Filed August 10, 2017

Third District Court, Salt Lake Department
The Honorable Richard D. McKelvie
No. 141904309

Joanna E. Landau, Christopher J. Jones, and Marshall
Thompson, Attorneys for Appellant

Sean D. Reyes and John J. Neilsen, Attorneys
for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which JUDGE
JILL M. POHLMAN concurred. JUDGE J. FREDERIC VOROS JR.
concurred in the result, with opinion.[1]

ORME, Judge:

¶1      Francisco Javier Alvarez pled guilty to aggravated sexual abuse of a child, a first degree felony. *See* Utah Code Ann. § 76-5-404.1(4), (5) (LexisNexis Supp. 2016). Alvarez appeals his sentence, arguing that the sentencing court abused its discretion when it imposed the presumptive sentence of fifteen years to life. We review sentencing decisions for an abuse of discretion,

---

1. Judge J. Frederic Voros Jr. participated in this case as a member of the Utah Court of Appeals. He retired from the court before this decision issued.

*see State v. Neilson*, 2017 UT App 7, ¶ 15, 391 P.3d 398, and will conclude that such an abuse occurred only "if it can be said that no reasonable [person] would take the view adopted by the [sentencing] court," *State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167 (first alteration in original) (citation and internal quotation marks omitted).

¶2  Aggravated sexual abuse of a child is punishable "by a term of imprisonment . . . not less than 15 years and which may be for life." Utah Code Ann. § 76-5-404.1(5)(a). The sentencing court may, however, impose one of two lesser sentences—six-to-life or ten-to-life—if the court finds that it would be "in the interests of justice." *Id.* § 76-5-404.1(6). When considering whether a lesser sentence is in the interests of justice, the court must consider the "rehabilitative potential of individual defendants"[2] and the proportionality of the sentence in relation to the severity of the offense. *LeBeau v. State*, 2014 UT 39, ¶¶ 36–37, 337 P.3d 254. Moreover, the court should compare the sentence being imposed to "the sentences imposed for more and less serious crimes in order to ensure that a particular defendant's sentence is not arbitrary." *Id.* ¶ 47.

¶3  Relying on *State v. Jaramillo*, 2016 UT App 70, 372 P.3d 34, Alvarez argues that remand is warranted. In *Jaramillo*, we remanded for resentencing because the Utah Supreme Court announced *LeBeau*'s proportionality requirement after Jaramillo was sentenced. *See id.* ¶ 34. Thus, because the sentencing court had not been aware of *LeBeau*'s proportionality requirement in sentencing Jaramillo, we remanded so that Jaramillo's sentence could "be reviewed through *LeBeau*'s interests-of-justice analysis." *Id.* ¶ 43.

¶4  That rationale does not apply to Alvarez, who was sentenced well after *LeBeau* was issued. "As a general rule, Utah

---

2. The sentencing court expressly considered Alvarez's rehabilitative potential.

courts presume that the [sentencing] court made all the necessary considerations when making a sentencing decision." *State v. Monzon*, 2016 UT App 1, ¶ 21, 365 P.3d 1234 (citation and internal quotation marks omitted). "[W]e will not assume that the [sentencing] court's silence, by itself, presupposes that the court did not consider the proper factors as required by law." *State v. Helms*, 2002 UT 12, ¶ 11, 40 P.3d 626. Because *LeBeau* and its proportionality requirement predated Alvarez's sentence, and because Alvarez has not demonstrated that our presumption of appropriate sentencing consideration is inapplicable,[3] we assume that the sentencing court duly considered the proportionality of Alvarez's sentence.[4]

¶5 Moreover, while Alvarez did generally argue that "the interests of justice" required a lesser sentence, he did not invoke the proportionality rubric in making his argument. Had he done so, the sentencing court's proportionality analysis would likely have moved from the presumed to the expressed. Thus, he will not now be heard to argue that the sentencing court was remiss in not articulating its views on proportionality. And although the State does not argue that Alvarez failed to preserve his

---

3. To combat the presumption, a defendant must ordinarily show that "an ambiguity of facts makes the assumption unreasonable," that a "statute explicitly provides that written findings must be made," or that "a prior case states that findings on an issue must be made." *State v. Helms*, 2002 UT 12, ¶ 11, 40 P.3d 626.

4. We also note that requiring an automatic remand any time proportionality is not expressly considered, as Alvarez proposes, would contradict the longstanding rule that appellants must demonstrate prejudice. *See* Utah R. Crim. P. 30(a) ("Any error, defect, irregularity or variance which does not affect the substantial rights of a party shall be disregarded."). In this context, Alvarez would need to show that his sentence would have been more favorable absent the claimed sentencing error.

proportionality issue for appeal, we do not disagree with Judge Voros that the appeal could also be decided on that basis alone.

¶6      The remainder of Alvarez's argument amounts to a disagreement with how the sentencing court weighed aggravating and mitigating factors. As we have previously stated, this is insufficient to demonstrate an abuse of discretion. *See State v. Bunker*, 2015 UT App 255, ¶ 5, 361 P.3d 155.

¶7      We conclude that the sentencing court did not abuse its discretion in sentencing Alvarez. Accordingly, his sentence is affirmed.

———————

VOROS, Judge (concurring in the result):

¶8      I concur in the result. I would affirm on the ground that Alvarez did not preserve at sentencing the proportionality claim he now asserts on appeal.

———————