2017 UT App 163

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
VANCE KARREN,
Appellant.

Per Curiam Opinion
No. 20160004-CA
Filed August 31, 2017

Third District Court, West Jordan Department
The Honorable Bruce C. Lubeck
No. 151401934

Diana Kathryn Pierson and Christine Seaman,
Attorneys for Appellant

Sean D. Reyes and Kris C. Leonard, Attorneys
for Appellee

Before JUDGES MICHELE M. CHRISTIANSEN, JILL M. POHLMAN, and
DIANA HAGEN.

PER CURIAM:

¶1     Vance Karren appeals his sentence of zero-to-five years in prison following his conviction for attempted sexual abuse of a child, a third degree felony. We affirm.

¶2     We review sentencing decisions for an abuse of discretion, *State v. Neilson*, 2017 UT App 7, ¶ 15, 391 P.3d 398, and will conclude that such an abuse occurred only "if it can be said that no reasonable [person] would take the view adopted by the [sentencing] court," *State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167 (first alteration in original) (citation and internal quotation marks omitted). A district court has broad discretion in deciding whether to order probation, because the "granting or

withholding of probation involves considering intangibles of character, personality and attitude." *State v. Rhodes*, 818 P.2d 1048, 1049 (Utah Ct. App. 1991) (citation and internal quotation marks omitted). "The defendant is not entitled to probation, but rather the court is empowered to place the defendant on probation if it thinks that will best serve the ends of justice and is compatible with the public interest." *Id.* at 1051.

¶3    Karren entered a guilty plea to the amended charge of attempted sexual abuse of a child as a third degree felony, and the State agreed not to affirmatively recommend a prison sentence. Adult Probation and Parole (AP&P) prepared a presentence investigation report (PSI), which recommended that Karren be placed on supervised probation for 36 months on conditions that included serving 146 days with credit for 146 days already served, having no contact with children, completing a psychosexual evaluation and any recommended treatment, and satisfying "Group A Sex Offender" requirements. The PSI attached letters from the child's therapist and her biological mother, who was not the child's custodian. In addition to information about the child's condition, the therapist's letter contained statements characterizing Karren's conduct toward the child as "grooming" and included the therapist's opinion regarding an appropriate sentence. The letter from the biological mother recounted additional alleged incidents between Karren and the child and other children, made statements regarding the impact of Karren's conduct on the child, and gave the mother's opinion on the sentence the court should impose.

¶4    At sentencing, the district court stated that it had reviewed the PSI and its attachments. The court found that the therapist's letter exceeded the proper role of providing information about a patient. The court therefore struck the letter from the record and stated that the court would not consider it. The district court also refused to hear from a third person who wished to address the court about uncharged allegations. Finally, noting that the child was in the custody and

guardianship of her grandmother (Grandmother), the court allowed only Grandmother to address the court.

¶5 Defense counsel argued that the court should adopt AP&P's recommendation to place Karren on probation and emphasized Karren's remorse, cooperative attitude, willingness to participate in treatment, lack of any criminal history, and stable residence and family support. Counsel argued that Karren would benefit from sex offender treatment. The prosecutor acknowledged the State's agreement not to recommend a prison term but stated that additional jail time and treatment were appropriate.

¶6 Grandmother addressed the court, stating that, since the events, the child was fearful of being separated from Grandmother, did not feel safe, and experienced nightmares. Citing specific examples of his conduct, Grandmother gave her opinion that Karren "had no self-control when it comes to children." Grandmother stated that her family needed time to heal and requested that the judge consider the child's needs at sentencing. Addressing the court at sentencing, Karren expressed remorse for the trauma that the child suffered. He stated that he was "being over-affectionate" and "crossed a boundary that [he] shouldn't have."

¶7 The district court acknowledged AP&P's probation recommendation and Karren's need for treatment, but the court did not agree that Karren should be released from jail and placed on probation at that time. The court reiterated that it was "looking at what happened with this child and Mr. Karren." The court stated that prison would not help Karren and "probation and treatment would help him more." However, the court stated that "overriding all of that is my view that this sort of thing just deserves a serious punishment." Despite Karren's lack of criminal record and the other mitigating circumstances, the court concluded that, even if Karren's unadmitted psychosexual report were "perfectly glowing," the offense required a prison term,

and it declined to follow AP&P's recommendation of probation. The district court stated that, although it did not fully accept the representations regarding the impact on the child, the court did not believe that the conduct supported placing Karren on probation.

¶8     Karren argues that the district court abused its discretion by sentencing him to prison instead of placing him on probation without adequately considering "the intangible factors supporting probation, including his character, attitude, and rehabilitative needs." But a defendant in a criminal case "is not entitled to probation." *State v. Rhodes*, 818 P.2d 1048, 1051 (Utah Ct. App. 1991. An appellate court will not overturn the denial of probation unless it is "clear that the actions of the judge were so inherently unfair as to constitute an abuse of discretion," *id.* (emphasis omitted) (citation and internal quotation marks omitted*)*, and Karren has not demonstrated that the district court's decision to sentence him to the statutory prison term, rather that placing him on probation, was inherently unfair. Karren's argument is essentially that the district court did not appropriately weigh the factors that supported probation. This "amounts to a disagreement with how the sentencing court weighed aggravating and mitigating factors. As we have previously stated, this is insufficient to demonstrate an abuse of discretion." *State v. Alvarez*, 2017 UT App 145, ¶ 6.

¶9     Karren also argues that the district court relied on unreliable and irrelevant accusations of uncharged child abuse. This claim lacks support in the record. The record reflects that the district court limited its consideration to the conduct that formed the basis for the present charges, going so far as striking the therapist's letter and refusing to receive information from a third party regarding uncharged conduct.

¶10    Accordingly, we affirm.

————————