Opinion
DAVIS, Judge:
T 1 Beatriz Valdez-Sadler appeals her conviction for obstruction of justice, asserting that the trial court erred in denying her motion for directed verdict. We reverse her conviction.
BACKGROUND
T2 In December 2012, police officers attempted to serve a warrant for a probation violation on Valdez-Sadler's boyfriend (Boyfriend) at the apartment where he was living. When they knocked on the door of the apartment, Valdez-Sadler answered. Valdez-Sad-ler let the officers into the apartment to look for Boyfriend, but he was not there. The officers discovered that Valdez-Sadler was the subject of an outstanding warrant, but they decided not to take her into custody.
13 Other officers returned several days later in another attempt to serve the warrant on Boyfriend. Valdez-Sadler answered the door, wearing only a jersey with no pants, and informed the officers that Boyfriend was not home. But this time, she refused to let the officers search the apartment. 'There is no evidence suggesting that the officers informed Valdez-Sadler of their reason for seeking Boyfriend either time they visited the apartment. |
T4 When Valdez-Sadler refused to let them in, the officers informed her that they were placing her under arrest pursuant, to the outstanding warrant. Valdez-Sadler asked the officers to let her put on some pants before being taken to jail. While Valdez-Sadler went into the bedroom to retrieve her pants, the officers checked the rest of the apartment to be sure that it was secure. In doing so, they discovered Boyfriend and placed him under arrest.
15 Valdez-Sadler was charged with obstruction of justice as a class A misdemeanor. See Utah Code Ann. § 7T6-8-806(1), B)(c) (LexisNexis 2012). A jury trial was held on October 28, 2018. After Salt Lake City (the City) had presented its case, Valdez-Sadler moved for a directed verdiet. The trial court denied the motion, and the jury found Valdez-Sadler guilty. She now appeals,
ISSUE AND STANDARD OF REVIEW
(16 Valdez-Sadler asserts that the trial court erred in denying her motion for directed verdict. We review the trial court's denial of the motion for directed verdict for correctness. State v. Hirschi, 2007 UT App 255, T 15, 167 P.3d 503.
ANALYSIS
17 Valdez-Sadler argues that the trial court should have granted her motion for directed verdict because the City failed to present evidence sufficient for the jury to find that Boyfriend's conduct constituted a *343 criminal offense as defined by the obstruction of justice statute.[1] A person commits obstruction of justice when she engages in one of several enumerated activities, such as "harbor[ing] or conceal{ing] a person," and acts "with intent to hinder, delay, or prevent the investigation, apprehension, prosecution, conviction, or punishment of any person regarding conduct that constitutes a criminal offense" Utah Code Ann. § 76-8-806(1) (emphasis added). The statute specifically defines "conduct that constitutes a criminal offense" as "conduct that would be punishable as a crime," including "any violation of a criminal statute or ordinance." Id. § 76-8306(2)(a).
8 The City asserts that we should consider the underlying felony for which Boyfriend had been placed on probation to be the "conduct that constitutes a eriminal offense," not the probation violation itself. Using this approach, Valdez-Sadler's actions in concealing Boyfriend from police would clearly fall within the purview of the statute, assuming that the other elements of the statute were also satisfied. However, we are not convinced by the City's argument. Boyfriend's probation violation may ultimately result in his serving a prison sentence for the underlying felony that he might otherwise have avoided. See id. § Ti-18-1(12)(e)(ii) (Supp. 2014) ("Upon a finding that the defendant violated the conditions of probation, the court may order the probation revoked, modified, continued, or that the entire probation term commence anew."). But Valdez-Sadler's actions did not "hinder, delay, or prevent the investigation, apprehension, prosecution, conviction, or punishment" of Boyfriend regarding the underlying felony he committed, because he had already been apprehended, convicted, and sentenced for that crime. See id. § 76-8-806(1) (2012). Thus, we agree with Valdez-Sadler that the conduct for which police sought Boyfriend was his probation violation, not his commission of the underlying felony.
"[ 9 While violating probation carries consequences, see id. § T7-18-1(12)(e)(i) (Supp. 2014), it is not separately punishable as a crime in Utah. In fact, recognizing this, the Utah Legislature has made "[olbstructing service of a Board of Pardons warrant or a probationer order to show cause" a separate crime from obstruction of justice. Id. § 76-8-3806.5 (2012); see also Recording of Utah House Floor Debates, 57th Leg., Gen. Sess. (Feb. 6, 2007) (statements of. Rep. Rebecca D. Lockhart) (indicating the belief that the obstruction of justice statute did not apply to obstruction of service of Board of Pardons warrants or orders to show cause for probation violations because violations of probation or parole: are not separately punishable crimes). Because the police sought Boyfriend for a probation violation and violating probation is not punishable as a crime, the City failed to present evidence from which the jury could have determined that Valdez, Sadler "hinder[ed], delay[ed], or prevent[ed] the investigation, apprehension, prosecution, conviction, or punishment" of Boyfriend "regarding conduct that constitutes a criminal offense." See Utah Code Ann. § T76-8-306(1).
CONCLUSION
{10 Because the City failed to present evidence that Boyfriend's conduct constituted a criminal offense, the trial court erred in denying Valdez-Sadler's motion for directed verdict. We therefore reverse Valdez-Sad-ler's conviction for obstruction of justice.

. Valdez-Sadler alternatively argues that the City failed to present sufficient evidence of her intent because it did not establish that she knew why the officers sought Boyfriend. However, because we reverse Valdez-Sadler's conviction on the ground that a probation violation is not a criminal offense for purposes of the obstruction of justice statute, we need not address this alternative argument. __